# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR387** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **WILLIAM COATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 80).  *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement includes several provisions reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), including: a drug quantity of at least 500 grams but less than 1.5 kilograms of a mixture or substance containing methamphetamine, resulting in base offense level 32; placement in criminal history category II; and a term of 120 months imprisonment as part of the sentence imposed.

The PSR reflects a higher drug quantity resulting in base offense level 34, placement in criminal history category III, and a sentencing guideline range of 135-168 months.

The Defendant objects to ¶¶ 16, 17 and 23 and other paragraphs affected by the application of base offense level 34.  In particular, the Defendant objects to the drug quantity recited in the PSR, the resulting application of base offense level 34, and the

ultimate effect of a total offense level suggesting a sentence beyond the 120-month period envisioned in the Rule 11(c)(1)(C) plea agreement.

The Court's tentative findings are that, absent unusual circumstances, the Rule 11(c)(1)(C) plea agreement should largely be upheld in order to allow the Court to sentence the Defendant to 120 months as agreed by the parties. Therefore, more specifically the Court finds a base offense level of 32, an adjusted offense level of 29, a total offense level of 29, placement in criminal history category III,[1] and a sentencing guideline range of 120-135 months. Absent unusual circumstances, the Court anticipates sentencing the Defendant to 120 months as contemplated in the plea agreement.

IT IS ORDERED:

1. The Court's tentative findings are that the Defendant's Objections to the Presentence Investigation Report (Filing No. 80) are granted;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

---

[1] The Court anticipates rejecting the Rule 11(c)(1)(C) provision relating to placement in criminal history category II.

4.     Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 8th day of June, 2005.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge